UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

HAITHAM MASRI,                                Case No. 10-61010
                                                Chapter 7
       Debtors.                         Hon. Marci B. McIvor
_____/

WENDY TURNER LEWIS, TRUSTEE,

       Plaintiff,

v.                                                  Adv. No. 10-7578

FATINA MASRI; F&H PROPERTIES, L.P.;
H&F TIRES, L.P.; OPTIMA INVESTMENT
GROUP, L.P.; PRECISION REAL ESTATE
INVESTMENTS, LLC; H&F AUTOMOTIVE,
L.P.; PROSPECT ASSOCIATES, L.L.C.;
SUPERIOR INVESTMENTS, L.P.; MASRI
ASSOCIATES, INC.; M&M MANAGEMENT
II, LP; H&F HOMES, LP; MASRI CLINIC
FOR LASER AND COSMETIC SURGERY,
LLC; ULTIMA FAMILY HOLDINGS, LP;
M&M MANAGEMENT I, LP; M&M TIRES,
LP; M&M DRUGS, LP; H&F
ENTERPRISES, INC. ; H&F TRANSPORT,
LP; H&F MASRI, LP; and MASRI CLINIC FOR
LASER AND COMETIC SURGERY, PLLC,

       Defendants.
_____/

**OPINION DENYING MOTION FOR DISMISSAL OR FOR SUMMARY JUDGMENT
(Docket # 43) FILED BY DEFENDANTS M&M DRUGS, LP, M&M MANAGEMENT I,
LP, M&M MANAGEMENT II, LP, M&M TIRES, LP, MASRI CLINIC FOR LASER &
COSMETIC SURGERY, PLLC, MASRI CLINIC FOR LASER & COSMETIC
SURGERY, LLC, AND ULTIMA FAMILY HOLDINGS, LP**

Plaintiff filed a Complaint against Defendants to avoid and recover fraudulent

transfers under Mich. Comp. Laws 566.34 and Mich. Comp. Laws 566.35(1).
Defendants M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M
Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser &
Cosmetic Surgery, LLC, and Ultima Family Holdings, LP filed this Motion to Dismiss or
Summary Judgment. For the reasons set forth below, this Court DENIES Defendants'
Motion to Dismiss and DENIES Defendants' Motion for Summary Judgment.

I.

FACTUAL BACKGROUND

On January 22, 2007, the District Court for the City and County of Denver, State
of Colorado entered a Judgment in Favor of Big O Tires and against Haitham Masri and
Fatina Masri which states, in relevant part:

> 4.  As detailed above, the Court enters judgment in favor of Plaintiff Big O Tires, Inc. and against Defendant Haitham Masri in the amount of $1,928,083.52, plus $77,074.56 in attorneys' fees and $6,783.96 in costs, for a total of $2,011,942.04 for, among other things, Haitham Masri's fraud in obtaining property, services and an extension, renewal, or refinancing of credit from Big O.
>
> 5.  The Court also enters judgment in favor of Plaintiff Big O Tires, Inc. and against Defendants Haitham Masri and Fatina Masri, jointly and severally, in the amount of $17,278.95, plus $8,563.84 in attorneys' fees and $753.77 in costs, for a total of $26,596.56 for their breach of the guarantee related to the Westland, Michigan franchise. The judgment entered jointly and severally against Haithan Masri and Fatina Masri is wholly independent and separate from the judgment entered against Haitham Masri.

On August 13, 2007, Fatina Masri commenced an action for divorce in the
Oakland County Circuit Court. On November 13, 2007, Fatina and Haitham Masri
entered into a Divorce Settlement Agreement. Fatina Masri was represented by

2

counsel; Haitham Masri was not represented by counsel. The Agreement contains the following relevant provisions:

> 19. *Division of Property*
>
> A. *Property Awarded to Fatina*: The following assets are awarded to Fatina as her sole and separate property, free and clear of any interest on the part of Haitham.
>
>   1. *Former Marital Home*. . . .
>
>   2. *Masri Clinic for Laser and Cosmetic Surgery, LLC*. Fatina is awarded her medical practice and shall assume all liabilities in connection with this business, holding Haitham forever harmless from liability thereunder.
>
>   3. Her interest in the following partnerships:
>
>     a) Ultima Family Holdings Limited Partnership, 9%
>     b) M & M Management I Limited Partnership, 9%
>     c) M & M Management II Limited Partnership, 9%
>     d) M & M Tires Limited Partnership, 9%
>     e) M & M Drugs Limited Partnership, 9%
>     f) Precision Real Estate Investment, LLC 43%
>     g) Optima Investment Group Limited Partnership, 10%
>     h) F & H Properties Limited Partnership, 8%
>     i) H & F Enterprises, Inc., 25%
>     j) Superior Investments Limited Partnership, 8%; 2%
>     k) Masri Associates, Inc., 51%
>     l) H & F Tires Limited Partnership, 8%
>
>   4. Any other personal property titled in her name, . . .
>
> B. *Property Awarded to Haitham*: The following assets are awarded to Fatina as her sole and separate property, free and clear of any interest on the part of Fatina.
>
>   1. His medical practice, Haitham Masri, MD, P.C., including all assets and equipment. . . .
>
>   2. Fatina's 10% interest in H & F Automotive Limited Partnership
>
>   3. His vehicle.

      4.     Any other personal property titled in his name, . . .

  C.    *Haitham's Debts to Fatina*: . . . Consequently, any and all family partnerships and corporations including, but not limited to, the following shall be Fatina Masri's as her sole and separate property:

      1.     Masri Associates, Inc.;

      2.     Precision Real Estate Investments, LLC; and

      3.     Superior Investments Limited Partnership.

(Divorce Settlement Agreement, pp. 9-12).

Haitham Masri is employed by the Masri Clinic for Laser & Cosmetic Surgery, PLLC, which is owned by his ex-wife, Fatina Masri. On December 17, 2009, Big O Tires, Inc. held a creditor's examination of Haitham Masri. During that examination, Haitham Masri testified that Fatina Masri pays him a bi-weekly salary of $1,500 for his services as a physician and surgeon. (Transcript of Creditors' Examination, December 17, 2009, p. 6). Another creditor's examination was held on January 21, 2010. At that creditor's examination Haitham Masri stated that he retained nothing of value in the divorce:

  Q:    So under this divorce settlement agreement what assets where you left with?

  A:    Well, the gas station nobody wanted.

  Q:    Okay.

  A:    So I took it, but I didn't pay the mortgage on it, and it foreclosed.

  Q:    So that left you with no other assets? Correct?

  A:    Correct.

  Q:    And that's the reason why you're in this financial trouble; correct?

4

A: Correct.

(Transcript of Creditors Examination, January 21, 2010, p.142:14-24).

On June 29, 2010, Haitham Masri filed for chapter 7 bankruptcy.

On December 17, 2010, Wendy Turner Lewis, the Chapter 7 Trustee, filed a Complaint against Defendants to avoid and recover fraudulent transfers under Mich. Comp. Laws 566.34 and Mich. Comp. Laws 566.35(1) on the grounds that Debtor did not receive reasonably equivalent value for the transfers.

On December 21, 2010, Plaintiff filed a First Amended Complaint to add H&F Transport, LP, and H&F Masri, LP as Defendants.

On June 14, 2011, Defendant Masri Clinic For Laser and Cosmetic Surgery, LLC filed a Motion for Summary Judgment alleging that: (1) Debtor had no ownership interest in Defendant Masri Clinic; (2) Debtor never transferred anything to Defendant Masri Clinic; and (3) Defendant Masri Clinic never received any transfer from Debtor.

On June 15, 2010, Plaintiff filed a Second Amended Complaint to add Masri Clinic for Laser and Cosmetic Surgery, PLLC as a Defendant.

On June 27, 2011, Defendants M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser & Cosmetic Surgery, LLC, and Ultima Family Holdings, LP filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment. The Motion to Dismiss alleges: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party. The Motion for Summary Judgment seeks a judgment as a matter of fact and law, claiming that Defendants are not the transferees

5

of any of the alleged transfers of Debtor.

On June 28, 2011, Plaintiff filed its Response to Defendant Masri Clinic LLC's June 14, 2011 Motion for Summary Judgment raising issues of fact concerning Debtor's ownership interest in the Masri Clinic and the appropriateness of Debtor's $1,500 bi-weekly salary for work as a physician and surgeon.

On July 3, 2011, Defendants H&F Enterprises, Inc., H&F Homes, LP, H&F Masri, LP, Masri Associates, Inc., Precision Real Estate Investments, LLC, Prospect Associates, LLC and Superior Investments, LP filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

On July 13, 2011, the Court entered an Order Granting Motion for Default Judgment filed by Plaintiff with respect to H&F Automotive, LP.

On July 18, 2011, Defendant H&F Transport, LP filed a filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

Also on July 18, 2011, Defendants F&H Properties, LP, H&F Tires, and Optima Investment Group, LP filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

On July 19, 2011, this Court denied summary judgment with respect to the Masri Clinic for Laser & Cosmetic Surgery, LLC and the Masri Clinic for Laser & Cosmetic Surgery, PLLC.[1]

This Court is now considering the Motion to Dismiss Or, in the Alternative, for Summary Judgment filed on June 27, 2011 by Defendants M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser & Cosmetic Surgery, LLC, and Ultima Family Holdings, LP.  Defendants argue that their Motion to Dismiss should be granted because Plaintiff: (1) failed to allege a claim under bankruptcy law; (2) failed to meet the basic pleading standard; (3) failed to meet the heightened pleading standard; and (4) failed to join a necessary and indispensible party.  Defendants allege that their Motion for Summary Judgment should be granted because Defendants are not the transferees of any of the alleged transfers of Debtor.

II.

STANDARD FOR DISMISSAL

Federal Rule of Civil Procedure § 12(b)(6), made applicable to adversary proceedings in bankruptcy through Fed. R. Bankr. P. § 7012(b), provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The

---

[1] The Masri Clinic for Laser & Cosmetic Surgery, LLC and the Masri Clinic for Laser & Cosmetic Surgery, PLLC are the same clinic.  Debtor and Defendant Masri Clinic refer to the Clinic as an "LLC" in the Judgment of Divorce but, in recent pleadings, the Clinic is referred to as a "PLLC".

court is required to construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.

III.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

8

of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252. The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

IV.

JURISDICTION

Bankruptcy courts have jurisdiction over all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §§ 1334 & 157. Core proceedings include proceedings to determine, avoid, or recover fraudulent conveyances. *Id.* § 157(b)(2)(H). As this is a proceeding to avoid a fraudulent conveyance, this is a core proceeding under 28 U.S.C. § 157(b). Thus, this Court has jurisdiction over this matter.

V.

ANALYSIS

A.  **Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

This Court is now considering the June 27, 2011 Motion to Dismiss Or, in the Alternative, for Summary Judgment filed by M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser & Cosmetic Surgery, LLC, and Ultima Family Holdings, LP. These Defendants allege that the case should be dismissed for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

With respect to whether Plaintiff stated a claim for which relief can be granted and whether Plaintiff's Complaint met the heightened standard for pleading fraud, this Court finds that Plaintiff's claims as pled are sufficient to sustain a cause of action against Defendants. Plaintiff alleges violations of the Michigan Uniform Fraudulent Transfer Act, which is a proper cause of action under § 544 of the Bankruptcy Code. Under 11 U.S.C. § 544, the Trustee is authorized to pursue the recovery of fraudulent transfers under applicable state law. *In re Michigan Machine Tool Control Corp.*, 381 B.R. 657, fn 14 (Bankr. E.D. Mich. 2008)("11 U.S.C. § 544 allows the trustee to step into the shoes of a creditor in order to nullify transfers voidable under state fraudulent conveyance acts for the benefit of all creditors.").

In addition, Plaintiff sufficiently pled that Debtor transferred certain assets (e.g.

10

his interests in certain corporations, limited liability corporations, and limited partnerships) for less than reasonably equivalent value and/or with the intent to hinder, delay and defraud his creditors pursuant to MCL§ 566.34(1).[2] MCL § 566.34(2) sets forth "badges of fraud" for determining whether there was intent under § 566.34.(1)(a). Those are:

> (a) The transfer or obligation was to an insider.
>
> (b) The debtor retained possession or control of the property transferred after the transfer.
>
> (c) The transfer or obligation was disclosed or concealed.
>
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
>
> (e) The transfer was of substantially all of the debtor's assets.

---

[2] MCL 566.34(1) states that:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, . . . if the debtor made the transfer or incurred the obligation in either of the following:

> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor did either of the following:
>
>> (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>>
>> (ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

\* \* \*

11

(f) The debtor absconded.

(g) The debtor removed or concealed assets.

(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred.

(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

This Court finds that Plaintiff has pled enough of these "badges of fraud" (i.e. transfers were to his ex-wife or entities that he had previously owned, transfers occurred around the time Debtor had been sued, Debtor was left with no assets after the transfers were made, Debtor transferred assets without receiving reasonably equivalent value, Debtor continues to transfer assets by accepting a salary which appears to be well below market rate for a board certified surgeon, etc.) to meet the heightened pleading standards set forth in Fed. R. Civ. P. 9(b). Under these facts, this Court finds that the pleadings were sufficient to put Defendants on notice as to the allegations of fraud raised against it and effectively shifts the burden to Defendants to show that there were no fraudulent transfers received. *See, Picard v. Taylor (In re Park South Securities, LLC)*, 326 B.R. 505, 517-518 (Bankr. S.D.N.Y. 2005)("courts take a liberal approach when construing allegations of actual fraud when pled by a bankruptcy trustee, because a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge"); *Global Link Liquidating Trust v. Avantel, S.A. (In re Global*

*Link Telecom Corp.)*, 327 B.R. 711, 717-718 (Bankr. D. Del. 2005)("despite the similarity in the terms 'fraud' and 'fraudulent conveyance,' the pleading requirements for fraud are not necessarily applicable to pleadings alleging a fraudulent conveyance").

Defendants have also argued that the Adversary Proceeding must be dismissed because Debtor was not named as a Defendant. This Court finds that Debtor is not a necessary and indispensible party in this action. In this case, Plaintiff has sued each of the parties to whom Debtor may have transferred assets, in order to recover the value of the assets transferred. Logically, the transferees are the only parties necessary to resolve this action as required under Fed. R. Civ. P. 19. See, *M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 744 (Bankr. S.D.N.Y. 2008)( "an earlier transferee who has parted with all interest in the transferred property is not necessary in a suit against a subsequent transferee."); *Tsiatsios v. Tsiatsios*, 744 A.2d 75, 80 (N.H. 1999)("a transferor who has parted with all interest in the property can no longer be affected by any decree pertaining to the property, and that therefore the transferor is not a necessary party to a fraudulent transfer action."). Accordingly, this Court finds that Plaintiff is not required to include Debtor as a defendant in this action.

For the reasons set forth above, Plaintiff has pled facts and causes of action with sufficient particularity to withstand a motion to dismiss and the Defendants' Motion to Dismiss is DENIED.

B.    **Defendants' Motion for Summary Judgment**

Defendants also allege that Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 56, as adopted by Fed. R. Bankr. P. 7056, on the grounds that there are no

13

questions of material fact and Defendants are entitled to judgment as a matter of law. A Defendant would be entitled to judgment if that Defendant could show that there are no facts to support a claim that that particular Defendant was the recipient of a fraudulent transfer. In addition, the fact that the entities were formed after Fatina Masri filed for divorce begs the question as to the origin of the assets that funded these entities.

Because neither Plaintiff nor any of Defendants have provided detailed information about Defendants M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser & Cosmetic Surgery, LLC, and Ultima Family Holdings, LP nor have they provided information regarding the relationship between those Defendants and Debtor, the Court has availed itself of the public records of the State of Michigan in an effort to understand the history of the Defendants involved in this case. The Court has compiled the following information regarding these Defendants:

**M&M Management I, L.P.**

M&M Management I, L.P. was formed on August 22, 2007 for the purpose of managing commercial properties. The general partner is Ultima Family Holdings, L.P. The limited partners were Lena Masri, Rania Masri, Samer Masri, and Mayssa Masri (the four Masri children) along with Fatina Masri, and Ultima Family Holdings, L.P.

**M&M Management II, L.P.**

M&M Management II, L.P. was formed on August 22, 2007 for the purpose of

managing commercial properties. The general partner is Ultima Family Holdings, L.P. The limited partners were Lena Masri, Rania Masri, Samer Masri, and Mayssa Masri (the four Masri children) along with Fatina Masri, and Ultima Family Holdings, L.P.

On December 30, 2009, Fatina Masri filed a Certificate of Amendment of Limited Partnership replacing Ultima Family Holdings, L.P. as general partner with Masri Associates, Inc, for which she is President, as general partner. The Certificate of Amendment also removed limited partners Rania Masri, Lena Masri, Fatina Masri, Samer Masri and Mayssa Masri and added as limited partners the Fatina Masri Revocable Living Trust, the Rania Masri Revocable Living Trust, the Lena Masri Revocable Living Trust, the Samer Masri Revocable Living Trust, and the Mayssa Masri Revocable Living Trust. (It appears that Ultima remains as a limited partner).

**M&M Drugs, L.P.**

The corporate records for M&M Drugs, L.P. are identical to those of M&M Management I, L.P.

**M&M Tires, L.P.**

The corporate records for M&M Tires, L.P. are identical to those of M&M Management II, L.P., except that Ultima Family Holdings, L.P. was removed as a limited partner in M&M Tires, L.P.'s Certificate of Amendment.

**Masri Clinic for Laser & Cosmetic Surgery, PLLC**

Masri Clinic for Laser & Cosmetic Surgery, PLLC was established on May 30, 2001. The Articles of Organization state that the limited liability company was organized for the purpose of providing "medical services, practicing medicine." The Masri Clinic has filed Annual reports for the years 2002 through 2010. The 2006 Annual Report lists Fatina Masri and Haitham Masri in the section requesting the names and addresses of all "members and managers." Other than in the 2006 Annual Report, Haitham Masri's name does not appear on any other corporate filings.

On January 3, 2007, a $2 million fraud judgment was entered in Colorado against Debtor. On February 15, 2007, the same judgment creditor obtained an order for seizure of Debtor's property. (Plaintiff's Exhibit D.)

During the February 20, 2007 Creditors examination, the attorney for Big O Tires asked Haitham Masri if he has an interest in the various companies including the Masri Clinic for Laser & Cosmetic Surgery. Haitham Masri's testimony was contradictory with respect to his interest in the Masri Clinic for Laser & Cosmetic Surgery:

    Q.    The third one, Masri Clinic, do you own any interest in that?

    A.    No

(Deposition of Haitham Masri, February 20, 2007, p. 99, l. 21-23).

    Q.    The next one, Masri Clinic for Laser and Cosmetic Surgery, do you own an interest in that?

    A.    Yes.

(Deposition of Haitham Masri, February 20, 2007, p. 100, l. 18-20).

    Q.    Did you ever own any interest in Masri Clinic for Laser and Cosmetic Surgery?

A. No.

(Deposition of Haitham Masri, February 20, 2007, p. 101, l. 24-25 through p. 102, l. 1).

On August 13, 2007, Fatina Masri filed for divorce.

On November 13, 2007, Debtor Haitham Masri and Defendant Fatina Masri entered into a Divorce Settlement agreement. The Divorce Settlement Agreement does not mention the Masri Clinic for Laser & Cosmetic Surgery, PLLC. The Divorce Settlement Agreement does state that Fatina Masri is awarded the Masri Clinic for Laser & Cosmetic Surgery, LLC.

The Court finds that there are questions of fact as to: (a) whom has an ownership interest in the Maser Clinic for Laser & Cosmetic Surgery, PLLC; (b) if Debtor does retain an interest, what is the value of that interest; (c) if Debtor transferred his interest in the clinic through the Judgment of Divorce (as claimed by Debtor and Fatina Masri), what was the value of Debtor's interest in the Clinic at the time of the transfer; and (d) is the Clinic benefitting by paying Debtor a salary which appears to be significantly lower than the market value for a Board Certified surgeon. The Court also finds that there is a question of fact as to what entity was transferred to Fatina Masri in the Judgment of Divorce. The Judgment of Divorce appears to award to Fatina Masri the Masri Clinic for Laser & Cosmetic Surgery, LLC, an entity which does not exist. This leaves open the question of who actually owns the Masri Clinic for Laser & Cosmetic Surgery, PLLC.

**Masri Clinic for Laser & Cosmetic Surgery, LLC**

Masri Clinic for Laser & Cosmetic Surgery, LLC was awarded to Fatina Masri under the Divorce Settlement Agreement. A Michigan Corporation Division Business

17

Entity search reveals that there is no record of an entity called the Masri Clinic for Laser & Cosmetic Surgery, *LLC* filed with the State of Michigan.

**Ultima Family Holdings, L.P.**

Ultima Family Holdings, L.P. was formed on August 20, 2007 for the purpose of managing commercial properties. The general partners were Fatina Masri, and their daughters, Lena Masri and Rania Masri. The limited partners were Haitham and Fatina Masri's children Lena Masri, Rania Masri, Samer Masri, and Mayssa Masri, along with Fatina Masri.

On December 30, 2009, Fatina Masri filed a Certificate of Amendment of Limited Partnership replacing herself as general partner with Masri Associates, Inc, for which she is President, as general partner. The Certificate of Amendment also removed limited partners Rania Masri, Lena Masri, Fatina Masri, Samer Masri and Mayssa Masri and added as limited partners the Fatina Masri Revocable Living Trust, the Rania Masri Revocable Living Trust, the Lena Masri Revocable Living Trust, the Samer Masri Revocable Living Trust, and the Mayssa Masri Revocable Living Trust.

The Court finds that there are questions of fact as to whether Defendants M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser & Cosmetic Surgery, LLC, and Ultima Family Holdings, LP received fraudulent transfers from Debtor. These entities were all formed (with the exception of the Masri Clinic) seven months after a

large judgment was entered against Debtor. It is unclear what assets each entity held in 2007 and where the funds came from to purchase any assets. The records of the State indicate that all these entities still exist but it is unclear what assets remain today. There are also questions of fact concerning whether the Clinic, which was formed pre-judgment, was transferred by Debtor by way of the Judgment of Divorce notwithstanding the fact that he appears to make most of the money for the Clinic. For these reasons, Defendants' Motion for Summary Judgment is DENIED.

## VI.
## CONCLUSION

For the above stated reasons, this Court DENIES the Motion to Dismiss or Summary Judgment filed by Defendants' M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser & Cosmetic Surgery, LLC, and Ultima Family Holdings, LP. At the conclusion of discovery, the parties may file Motions for Summary Judgment.

Signed on September 23, 2011

```
                    /s/ Marci B. McIvor
                  Marci B. McIvor
                  United States Bankruptcy Judge
```