UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:

HAITHAM MASRI,                               Case No. 10-61010
                                           Chapter 7
          Debtors.                   Hon. Marci B. McIvor
_____/

WENDY TURNER LEWIS, TRUSTEE,

          Plaintiff,

v.                                     Adv. No. 10-7578

FATINA MASRI; F&H PROPERTIES, L.P.;
H&F TIRES, L.P.; OPTIMA INVESTMENT
GROUP, L.P.; PRECISION REAL ESTATE
INVESTMENTS, LLC; H&F AUTOMOTIVE,
L.P.; PROSPECT ASSOCIATES, L.L.C.;
SUPERIOR INVESTMENTS, L.P.; MASRI
ASSOCIATES, INC.; M&M MANAGEMENT
II, LP; H&F HOMES, LP; MASRI CLINIC
FOR LASER AND COSMETIC SURGERY,
LLC; ULTIMA FAMILY HOLDINGS, LP;
M&M MANAGEMENT I, LP; M&M TIRES,
LP; M&M DRUGS, LP; H&F
ENTERPRISES, INC. ; H&F TRANSPORT,
LP; H&F MASRI, LP; and MASRI CLINIC FOR
LASER AND COMETIC SURGERY, PLLC,

          Defendants.

_____/


## OPINION DENYING MOTION FOR DISMISSAL OR FOR SUMMARY JUDGMENT (Docket # 47) FILED BY DEFENDANTS' H&F ENTERPRISES, INC., H&F HOMES, LP, H&F MASRI, LP, MASRI ASSOCIATES, INC., PRECISION REAL ESTATE INVESTMENTS, LLC, PROSPECT ASSOCIATES, LLC AND SUPERIOR INVESTMENTS, LP

Plaintiff filed a Complaint against Defendants to avoid and recover fraudulent

transfers under Mich. Comp. Laws 566.34 and Mich. Comp. Laws 566.35(1).

Defendants' H&F Enterprises, Inc., H&F Homes, LP, H&F Masri, LP, Masri Associates,

Inc., Precision Real Estate Investments, LLC, Prospect Associates, LLC and Superior

Investments, LP filed this Motion to Dismiss or for Summary Judgment. For the reasons

set forth below, this Court DENIES Defendants' Motion to Dismiss or for Summary

Judgment.

I.

FACTUAL BACKGROUND

On January 22, 2007, the District Court for the City and County of Denver, State

of Colorado entered a Judgment in Favor of Big O Tires and against Haitham Masri and

Fatina Masri which states, in relevant part:

> 4.    As detailed above, the Court enters judgment in favor of
> Plaintiff Big O Tires, Inc. and against Defendant Haitham Masri in the
> amount of $1,928,083.52, plus $77,074.56 in attorneys' fees and $6,783.96
> in costs, for a total of $2,011,942.04 for, among other things, Haitham
> Masri's fraud in obtaining property, services and an extension, renewal, or
> refinancing of credit from Big O.
>
> 5.    The Court also enters judgment in favor of Plaintiff Big O
> Tires, Inc. and against Defendants Haitham Masri and Fatina Masri, jointly
> and severally, in the amount of $17,278.95, plus $8,563.84 in attorneys'
> fees and $753.77 in costs, for a total of $26,596.56 for their breach of the
> guarantee related to the Westland, Michigan franchise. The judgment
> entered jointly and severally against Haithan Masri and Fatina Masri is
> wholly independent and separate from the judgment entered against
> Haitham Masri.

On August 13, 2007, Fatina Masri commenced an action for divorce in the

Oakland County Circuit Court. On November 13, 2007, Fatina and Haitham Masri

entered into a Divorce Settlement Agreement. Fatina Masri was represented by

counsel; Haitham Masri was not represented by counsel. The Agreement contains the

2

following relevant provisions:

19.    *Division of Property*

A.    *Property Awarded to Fatina*: The following assets are awarded to Fatina as her sole and separate property, free and clear of any interest on the part of Haitham.

    1.    *Former Marital Home*. . . .

    2.    *Masri Clinic for Laser and Cosmetic Surgery, LLC*.  Fatina is awarded her medical practice and shall assume all liabilities in connection with this business, holding Haitham forever harmless from liability thereunder.

    3.    Her interest in the following partnerships:

        a)    Ultima Family Holdings Limited Partnership, 9%
        b)    M & M Management I Limited Partnership, 9%
        c)    M & M Management II Limited Partnership, 9%
        d)    M & M Tires Limited Partnership, 9%
        e)    M & M Drugs Limited Partnership, 9%
        f)    Precision Real Estate Investment, LLC 43%
        g)    Optima Investment Group Limited Partnership, 10%
        h)    F & H Properties Limited Partnership, 8%
        i)    H & F Enterprises, Inc., 25%
        j)    Superior Investments Limited Partnership, 8%; 2%
        k)    Masri Associates, Inc., 51%
        l)    H & F Tires Limited Partnership, 8%

    4.    Any other personal property titled in her name, . . .

B.    *Property Awarded to Haitham*: The following assets are awarded to Fatina as her sole and separate property, free and clear of any interest on the part of Fatina.

    1.    His medical practice, Haitham Masri, MD, P.C., including all assets and equipment. . . .

    2.    Fatina's 10% interest in H & F Automotive Limited Partnership

    3.    His vehicle.

    4.    Any other personal property titled in his name, . . .

3

C.   *Haitham's Debts to Fatina*: . . . Consequently, any and all family partnerships and corporations including, but not limited to, the following shall be Fatina Masri's as her sole and separate property:

   1.   Masri Associates, Inc.;

   2.   Precision Real Estate Investments, LLC; and

   3.   Superior Investments Limited Partnership.

(Divorce Settlement Agreement, pp. 9-12).

Haitham Masri is employed by the Masri Clinic for Laser & Cosmetic Surgery, PLLC, which is owned by his ex-wife, Fatina Masri.  On December 17, 2009, Big O Tires, Inc. held a creditor's examination of Haitham Masri.  During that examination, Haitham Masri testified that Fatina Masri pays him a bi-weekly salary of $1,500 for his services as a physician and surgeon. (Transcript of Creditors' Examination, December 17, 2009, p. 6).  Another creditor's examination was held on January 21, 2010.  At that creditor's examination Debtor stated that he retained nothing of value in the divorce:

   Q:   So under this divorce settlement agreement what assets where you left with?

   A:   Well, the gas station nobody wanted.

   Q:   Okay.

   A:   So I took it, but I didn't pay the mortgage on it, and it foreclosed.

   Q:   So that left you with no other assets? Correct?

   A:   Correct.

   Q:   And that's the reason why you're in this financial trouble; correct?

   A:   Correct.

(Transcript of Creditors Examination, January 21, 2010, p.142:14-24).

4

On June 29, 2010, Haitham Masri filed for chapter 7 bankruptcy.

On December 17, 2010, Wendy Turner Lewis, the Chapter 7 Trustee, filed a Complaint against Defendants to avoid and recover fraudulent transfers under Mich. Comp. Laws 566.34 and Mich. Comp. Laws 566.35(1) on the grounds that Debtor Haitham Masri did not receive reasonably equivalent value for the transfers.

On December 21, 2010, Plaintiff filed a First Amended Complaint to add H&F Transport, LP, and H&F Masri, LP as Defendants.

On June 14, 2011, Defendant Masri Clinic For Laser and Cosmetic Surgery, LLC filed a Motion for Summary Judgment alleging that: (1) Debtor had no ownership interest in Defendant Masri Clinic; (2) Debtor never transferred anything to Defendant Masri Clinic; and (3) Defendant Masri Clinic never received any transfer from Debtor.

On June 15, 2010, Plaintiff filed a Second Amended Complaint to add Masri Clinic for Laser and Cosmetic Surgery, PLLC as a Defendant.

On June 27, 2011, Defendants M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser & Cosmetic Surgery, LLC, and Ultima Family Holdings, LP filed a Motion to Dismiss Or, in the Alternative, Summary Judgment. The Motion to Dismiss alleges: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party. The Motion for Summary Judgment seeks a judgment as a matter of fact and law, claiming that Defendants are not the transferees of any of the alleged transfers of Debtor.

On June 28, 2011, Plaintiff filed its Response to Defendant Masri Clinic, LLC's

5

June 14, 2011 Motion for Summary Judgment raising issues of fact concerning Debtor's ownership interest in the Masri Clinic and the appropriateness of Debtor's $1,500 bi-weekly salary for work as a physician and surgeon.

On July 3, 2011, Defendants H&F Enterprises, Inc., H&F Homes, LP, H&F Masri, LP, Masri Associates, Inc., Precision Real Estate Investments, LLC, Prospect Associates, LLC and Superior Investments, LP filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

On July 13, 2011, the Court entered an Order Granting Motion for Default Judgment filed by Plaintiff with respect to H&F Automotive, LP.

On July 18, 2011, Defendant H&F Transport, LP filed a filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

Also on July 18, 2011, Defendants F&H Properties, LP, H&F Tires, and Optima Investment Group, LP filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

On July 19, 2011, this Court denied summary judgment with respect to the Masri Clinic for Laser & Cosmetic Surgery, LLC and  the Masri Clinic for Laser & Cosmetic

Surgery, PLLC.[1]

This Court is now considering the Motion to Dismiss Or, in the Alternative, for Summary Judgment filed on July 3, 2011 by Defendants H&F Enterprises, Inc., H&F Homes, LP, H&F Masri, LP, Masri Associates, Inc., Precision Real Estate Investments, LLC, Prospect Associates, LLC and Superior Investments, LP. The Defendants argue that their Motion should be granted because Plaintiff: (1) failed to allege a claim under bankruptcy law; (2) failed to meet the basic pleading standard; (3) failed to meet the heightened pleading standard; and (4) failed to join a necessary and indispensible party.

II.

STANDARD FOR DISMISSAL

Federal Rule of Civil Procedure § 12(b)(6), made applicable to adversary proceedings in bankruptcy through Fed. R. Bankr. P. § 7012(b), provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential

---

[1]The Masri Clinic for Laser & Cosmetic Surgery, LLC and the Masri Clinic for Laser & Cosmetic Surgery, PLLC are the same clinic. Debtor and Defendant Masri Clinic refer to the Clinic as an "LLC" in the Judgment of Divorce but, in recent pleadings, the Clinic is referred to as a "PLLC".

7

allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.

III.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of

8

material fact." *Celotex*, 477 U.S. 317, 323. Once the movant meets this burden, the

non-movant must come forward with specific facts showing that there is a genuine issue

for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient

evidence upon which a jury could reasonably find for the non-movant; a "scintilla of

evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252. The court must believe the

non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor.

*Liberty Lobby*, 477 U.S. at 255.


IV.

JURISDICTION

Bankruptcy courts have jurisdiction over all cases under title 11 and all core

proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §§

1334 & 157. Core proceedings include proceedings to determine, avoid, or recover

fraudulent conveyances. *Id.* § 157(b)(2)(H). As this is a proceeding to avoid a

fraudulent conveyance, this is a core proceeding under 28 U.S.C. § 157(b). Thus, this

Court has jurisdiction over this matter.


V.

ANALYSIS

**A.      Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

This Court is now considering the July 3, 2011 Motion to Dismiss Or, in the

Alternative, for Summary Judgment filed by Defendants H&F Enterprises, Inc., H&F

9

Homes, LP, H&F Masri, LP, Masri Associates, Inc., Precision Real Estate Investments, LLC, Prospect Associates, LLC and Superior Investments, LP.  These Defendants allege that the case should be dismissed, or summary judgment granted, for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

With respect to whether Plaintiff stated a claim for which relief can be granted and whether Plaintiff's Complaint met the heightened standard for pleading fraud, this Court finds that Plaintiff's claims as pled are sufficient to sustain a cause of action against Defendants.  Plaintiff alleges violations of the Michigan Uniform Fraudulent Transfer Act, which is a proper cause of action under § 544 of the Bankruptcy Code. Under 11 U.S.C. § 544, the Trustee is authorized to pursue the recovery of fraudulent transfers under applicable state law.  *In re Michigan Machine Tool Control Corp.*, 381 B.R. 657, fn 14 (Bankr. E.D. Mich. 2008)("11 U.S.C. § 544 allows the trustee to step into the shoes of a creditor in order to nullify transfers voidable under state fraudulent conveyance acts for the benefit of all creditors.").

In addition, Plaintiff sufficiently pled that Debtor transferred certain assets (e.g. his interests in certain corporations, limited liability corporations, and limited partnerships) for less than reasonably equivalent value and/or with the intent to hinder, delay and defraud his creditors pursuant to MCL§ 566.34(1).[2]  MCL § 566.34(2) sets

---

[2] MCL 566.34(1) states that:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, . . . if the debtor made the transfer or incurred the obligation in either of

forth "badges of fraud" for determining whether there was intent under § 566.34.(1)(a).

Those are:

> (a) The transfer or obligation was to an insider.

> (b) The debtor retained possession or control of the property transferred after the transfer.

> (c) The transfer or obligation was disclosed or concealed.

> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

> (e) The transfer was of substantially all of the debtor's assets.

> (f) The debtor absconded.

> (g) The debtor removed or concealed assets.

> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

> (i) The debtor was insolvent or became insolvent shortly after the transfer

---

the following:

> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor did either of the following:

>> (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

>> (ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

*     *     *

11

was made or the obligation was incurred.

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred.

(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

This Court finds that Plaintiff has pled enough of these "badges of fraud" (i.e. transfers were to his ex-wife or entities that he had previously owned, transfers occurred around the time Debtor had been sued, Debtor was left with no assets after the transfers were made, Debtor transferred assets without receiving reasonably equivalent value, Debtor continues to transfer assets by accepting a salary which appears to be well below market rate for a board certified surgeon, etc.) to meet the heightened pleading standards set forth in Fed. R. Civ. P. 9(b). Under these facts, this Court finds that the pleadings were sufficient to put Defendants on notice as to the allegations of fraud raised against them and effectively shifts the burden to Defendants to show that there were no fraudulent transfers received. *See, Picard v. Taylor (In re Park South Securities, LLC)*, 326 B.R. 505, 517-518 (Bankr. S.D.N.Y. 2005)("courts take a liberal approach when construing allegations of actual fraud when pled by a bankruptcy trustee, because a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge"); *Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)*, 327 B.R. 711, 717-718 (Bankr. D. Del. 2005)("despite the similarity in the terms 'fraud' and 'fraudulent conveyance,' the pleading requirements for fraud are not necessarily applicable to pleadings alleging a fraudulent conveyance").

Defendants have also argued that the Adversary Proceeding must be dismissed because Debtor was not named as a Defendant. This Court finds that Debtor is not a

12

necessary and indispensible party in this action. In this case, Plaintiff has sued each of the parties to whom Debtor may have transferred assets in order to recover the value of the assets transferred. Logically, the transferees are the only parties necessary to resolve this action as required under Fed. R. Civ. P. 19. See, *M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 744 (Bankr. S.D.N.Y. 2008)( "an earlier transferee who has parted with all interest in the transferred property is not necessary in a suit against a subsequent transferee."); *Tsiatsios v. Tsiatsios*, 744 A.2d 75, 80 (N.H. 1999)("a transferor who has parted with all interest in the property can no longer be affected by any decree pertaining to the property, and that therefore the transferor is not a necessary party to a fraudulent transfer action."). Accordingly, this Court finds that Plaintiff is not required to include Debtor as a defendant in this action.

For the reasons set forth above, Plaintiff has pled facts and causes of action with sufficient particularity to withstand a motion to dismiss and Defendants' Motion to Dismiss is DENIED.


**B.     Defendants' Motion for Summary Judgment**

Defendants also allege that Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 56, as adopted by Fed. R. Bankr. P. 7056, on the grounds that there are no questions of material fact and Defendants are entitled to judgment as a matter of law. A Defendant would be entitled to summary judgment if that Defendant could show that there are no facts to support a claim that that particular Defendant was the recipient of a fraudulent transfer.

Because neither Plaintiff nor Defendants have provided detailed information

13

about Defendants and the relationship between Defendants and Debtor, the Court has availed itself of the public records of the State of Michigan in an effort to understand the history of the various Defendants involved in this case. The Court has compiled the following information regarding the Defendants that filed the instant Motion:

**H&F Enterprises, Inc.**:

H&F Enterprises, Inc. was established on March 17, 1994. The corporation's 1998 and 1999 "Domestic Corporation Information Update (formerly Annual Report)" lists Fatina Masri as President and Haitham Masri as Vice President. The 1999 Corporate Information Update filed on April 12, 1999 lists Haitham Masri as President and is signed by Haitham Masri. The 1999 Domestic Corporation Information Update filed on August 13, 1999 lists Fatina Masri as President and Haitham Masri as Vice President. The 2000 Profit Corporation Information Update, filed on April 5, 2000, lists Fatina Masri as President, Secretary, Treasurer, Vice President and Director. Haitham Masri's name does not appear on any further corporate documentation.

The 2000 Profit Corporation Information Update lists the purpose of the corporation as "real estate, equipment, laboratory". The 2001 Profit Corporation Information Update lists the purpose of the corporation as "allergy testing". Later Profit Corporation Information Updates list the purpose of the corporation as "real estate".

On January 3, 2007, a $2 million fraud judgment was entered in Colorado against Debtor. On February 15, 2007, the same judgment creditor obtained an order for seizure of Debtor's property. (Plaintiff's Exhibit D.)

On August 13, 2007, Fatina Masri filed for divorce.

14

On November 13, 2007, Debtor Haitham Masri and Defendant Fatina Masri entered into a Divorce Settlement agreement. The Divorce Settlement agreement grants Fatina Masri a 25% interest in H&F Enterprises. (Divorce Settlement Agreement, p. 10). The Court has no information regarding who or what entity controls the remainder of the corporation.

In Fatina Masri's affidavit, Fatina Masri states that H&F Enterprises, Inc. "has never held any assets, nor conducted any business and at all time the value of the company has been and remains zero dollars." (Affidavit, p. 2). Fatina Masri further states,

> On November 13, 2007, pursuant to a fully valid, non-appealable, enforceable Divorce Settlement Agreement, entered by a court of proper jurisdiction, Haitham Masri was involuntarily divested of his ownership interest in H&F Enterprises, Inc. That interest was awarded by the Court to me (Fatina Masri).

(Affidavit, p. 2).

There are questions of fact with respect to H&F Enterprises concerning what the extent and nature of Haitham Masri's interest in H&F Enterprises was and is, what assets H&F Enterprises held, if any, and what happened to those assets, and who maintains the 75% ownership interest in H&F Enterprises that is not held by Fatina Masri.

**H&F Homes, LP/Superior Investments, LP**:

H&F Homes, LP was established on July 26, 1994. Supplement P lists Haitham Masri as the general partner. The limited partners are Haitham Masri, Fatina Masri, Masri Associates, Inc. and three of their children: Lena Fatina Masri, Rania Mona Masri,

15

and Samer Omer Masri. The Certificate of Amendment filed on March 20, 1998 adds Fatina Masri as General Partner and Mayssa Nour Masri and Masri Associates, Inc. as limited partners (even though Masri Associates, Inc is already a limited partner). The Certificate of Amendment was signed by Haitham Masri, General Partner. On May 17, 1999, Haitham Masri filed a Certificate of Amendment which changes the address of the limited partnership to the Pontiac Trail address. The Certificate of Amendment filed on April 3, 2000 changes the name of H&F Homes, LP to Superior Investments, LP. That document is signed by Haitham Masri, General Partner. No further corporate documents were filed until 2008.

On January 3, 2007, a $2 million fraud judgment was entered in Colorado against Debtor. On February 15, 2007, the same judgment creditor obtained an order for seizure of Debtor's property. (Plaintiff's Exhibit D.)

On August 13, 2007, Fatina Masri filed for divorce.

On November 13, 2007, Debtor Haitham Masri and Defendant Fatina Masri entered into a Divorce Settlement agreement. The Divorce Settlement Agreement does not reference an entity called H&F Homes, Inc. The Divorce Settlement Agreement does refer to Superior Investments, LP and grants Fatina Masri an "8%; 2%" interest on page ten of the Divorce Settlement Agreement. On page twelve of that same Agreement, Superior Investments LP is listed as Fatina Masri's "sole and separate property".

On April 10, 2008, a Certificate of Amendment for Superior Investments, LP was filed, signed by "Fatina Masri, Managing Member Irsam Holdings, LLC, General Partner". In this Certificate of Amendment, it states,

16

On November 13, 2007, Haitham Masri relinquished his general and limited partnership interest in the Partnership to Fatina Masri pursuant to the Judgment of Divorce. . . On April 3, 2008, Fatina Masri assigned her general partner interest to Irsam Holdings, LLC which now serves as general partner.

Another Certificate of Amendment was filed on October 2, 2008. That document states, "Irsam Management, LLC became the general partner by way of assignment from Irsam Holdings, LLC effective August 27, 2008."

A Certificate of Amendment filed on December 30, 2009 shows that Masri Associates, Inc. is a new partner as of November 3, 2008 and that Irsam Management, LLC is a withdrawing partner as of November 3, 2008.

Fatina Masri states in her affidavit that,

On November 13, 2007, Superior Investments, LP, owned only one tangible asset, being a building in the state of Florida, from which the partnership collected rent. At the time of the alleged transfer, the value of the building was roughly equivalent to the liabilities of the partnership assumed for the acquisition of the building. The value of the business was, therefore, zero dollars.

(Fatina Masri, Affidavit, p. 6)

There are questions of fact with respect to H&F Homes, LP and Superior Investments, LP concerning: (a) what the extent and nature of Haitham Masri's interest in those entities was and is; (b) what assets H&F Homes, LP and Superior Investments, LP held, if any; (c) what happened to those assets; and (d) why Fatina Masri was granted a 8% and 2% interest on page ten of the Divorce Settlement Agreement while the entire interest was granted to her on page twelve of the Divorce Settlement Agreement.

**H&F Masri, LP**:

H&F Masri, LP was established on July 26, 1994. The Certificate of Limited Partnership lists Haitham Masri as both a limited and general partner. The other limited partners were Fatina Masri and three of their four children: Lena Fatina Masri, Rania Mona Masri and Samer Omer Masri. A Certificate of Amendment filed on March 20, 1998 was signed by Haitham Masri, General Partner. The Certificate of Amendment lists Fatina Masri as a General Partner and adds Mayssa Nour Masri (the Masri's daughter) and Masri Associates, Inc. as new limited partners. Another Certificate Amendment was filed on May 17, 1999 and was signed by Haitham Masri. No further documents were filed with the State.

On January 3, 2007, a $2 million fraud judgment was entered in Colorado against Debtor. On February 15, 2007, the same judgment creditor obtained an order for seizure of Debtor's property. (Plaintiff's Exhibit D.)

On August 13, 2007, Fatina Masri filed for divorce.

Fatina Masri, in her affidavit, states that Haitham Masri was divested of his interest in this entity in the Divorce Settlement Agreement. Fatina Masri states,

> On November 13, 2007, pursuant to a fully valid, non-appealable, enforceable Divorce Settlement Agreement, entered by a court of proper jurisdiction, Haitham Masri was involuntarily divested of this ownership interest in H&F Masri, LP to Fatina Masri.

(Fatina Masri, Affidavit, p. 7). *The Divorce Settlement Agreement, however, does not reference this entity.*

Fatina Masri asserts that H&F Masri, LP has no assets. Specifically, she states that,

> H&F Masri, LP is a non-functioning shell company. It contained, at the time of

18

the transfers alleged in Plaintiff's Complaint, no assets, conducted no business, and had zero value.  This remains true today.

(Fatina Masri, Affidavit, ¶ 48).

There are questions of fact concerning why the parties state that the Divorce Settlement Agreement grants Fatina Masri Haitham Masri's interest in H&F Masri, LP when the Divorce Settlement Agreement does not reference H&F Masri, LP.  There is also a question of fact of why any such interest would be transferred if the value of H&F Masri, LP has no value.


**Masri Associates, Inc**.:

Masri Associates, Inc. was established on June 5, 1991.  The Domestic Corporation Information Update for 1998 filed on August 10, 1998 lists Haitham Masri as President and Fatina Masri as Vice President.  This documents was signed by Haitham Masri, President.   The 1999 Domestic Corporation Information Update, filed on August 27, 1999, lists Haitham Masri as President and Fatina Masri as Vice President and was signed by Haitham Masri, President.  The 1999 Corporation Information Update, signed by Haitham Masri, lists Haitham Masri as President, Secretary and Treasurer. Fatina Masri continues to be listed as Vice President.  The 2001 Corporation Information Update, filed on August 17, 2001, lists Haitham Masri as President and Fatina Masri as Secretary and Treasurer.  The 2000 and 2002 Corporation Information Update, both filed on November 18, 2002, lists Haitham Masri as President, Secretary, Treasurer, and Vice President.  The 2003 Corporation Information Update, filed on July 16, 2003, lists  Haitham Masri as President, Secretary,

19

Treasurer, and Vice President.  In the 2005 "Michigan Domestic Corporation Information Update" filed on August 16, 2005, Haitham Masri was listed as President, Secretary, Treasurer, and Vice President.  The document was signed by Haitham Masri, President. In addition, Haitham Masri signed, as President, the 2005 Profit Corporation Information Update filed on November 14, 2005 and the 2006  Profit Corporation Information Update filed on April 5, 2006.   On the 2007 Profit Corporation Information Update filed on March 27, 2007, Fatina Masri is listed as the President, Secretary and Treasurer of Masri Associates, Inc.  The 2008 through 2011 Profit Corporation Information Updates only contain Fatina Masri's name. No other person or entity is listed on those documents.

On January 3, 2007, a $2 million fraud judgment was entered in Colorado against Debtor.  On February 15, 2007, the same judgment creditor obtained an order for seizure of Debtor's property. (Plaintiff's Exhibit D.)

On August 13, 2007, Fatina Masri filed for divorce.

On November 13, 2007, the parties entered into a Divorce Settlement Agreement.  On page ten of thatt Agreement, Fatina Masri is granted a 51% interest in Masri Associates, Inc.  On page twelve of that same Divorce Settlement Agreement, Fatina Masri is granted Masri Associates, Inc. as her "sole and separate property."

Fatina Masri states in her affidavit that "as of November 2007, Masri Associates held and owned no tangible assets."  (Fatina Masri, Affidavit, p. 1-2).

There are questions of fact with respect to Masri Associates, Inc. concerning: (a) what the extent and nature of Haitham Masri's interest in Masri Associates, Inc. was and is; and (b) what assets Masri Associates, Inc. held, if any, and what happened to

those assets. In addition, there are questions with respect to why Fatina Masri was granted a 51% interest on page ten of the Divorce Settlement Agreement while the entire interest was granted to her on page twelve of the Divorce Settlement Agreement. There is also a question of fact of why any such interest would be transferred if the value of Masri Associates, Inc. was zero on the date of the transfer.

**Precision Real Estate Investments, LLC**:

Haitham Masri filed Articles of Organization for Precision Real Estate Investments, LLC on October 25, 2000. In the 2006 Limited Liability Company Annual Statement, filed on January 17, 2006, Fatina Masri is listed as an owner of this entity. This is the first time her name appears on corporate documents for this entity. Haitham Masri is listed as the resident agent in that same document.

On January 3, 2007, a $2 million fraud judgment was entered in Colorado against Debtor. On February 15, 2007, the same judgment creditor obtained an order for seizure of Debtor's property. (Plaintiff's Exhibit D.)

On August 13, 2007, Fatina Masri filed for divorce.

On November 13, 2007, Debtor Haitham Masri and Defendant Fatina Masri entered into a Divorce Settlement agreement. The Divorce Settlement Agreement, on page ten, grants Fatina Masri a 43% interest in Precision Real Estate Investments, LLC. On page twelve of the Divorce Settlement Agreement, Fatina Masri is granted Precision Real Estate Investments, LLC as her "sole and separate property."

According to Fatina Masri, as of November 13, 2007, Precision Real Estate Investments, LLC owned one building which was valued at 1.6 million dollars but which

was encumbered by a mortgage in roughly the same amount. (Fatina Masri, Affidavit, p. 10-11).

In the 2008 Limited Liability Company Annual Statement, filed on October 10, 2008, the resident agent is changed from Haitham Masri to Fatina Masri.

There are questions of fact with respect to Precision Real Estate Investments, LLC concerning: (a) what the extent and nature of Haitham Masri's interest in Precision Real Estate Investments, LLC was and is; and (b) what assets Precision Real Estate Investments, LLC held, if any, and what happened to those assets. In addition, there are questions with respect to why Fatina Masri was granted a 43% interest on one page of the Divorce Settlement Agreement, while the entire interest was granted to Fatina Masri later in the Divorce Settlement Agreement. There is also a question of fact of why any such interest would be transferred if the value of Precision Real Estate Investments, LLC was zero on the date of the transfer.


**Prospect Associates, LLC**:

Prospect Associates, LLC was established on April 4, 2000. On the 2002 Limited Liability Annual Statement filed on April 11, 2002, Haitham Masri signed as a "member". No other person or entity is listed on that document. No documents have been filed since that date.

Fatina Masri, in her affidavit, states that Haitham Masri was divested of his interest in this entity in the Divorce Settlement Agreement. Fatina Masri states:

> On November 13, 2007, pursuant to a fully valid, non-appealable, enforceable Divorce Settlement Agreement, entered by a court of proper jurisdiction, Haitham Masri was involuntarily divested of this ownership

22

interest in Propsect Associates, LLC. That interest was awarded by the Court to me (Fatina Masri).

(Affidavit, p. 9). *The Divorce Settlement Agreement, however, does not reference this entity.*

In addition, Fatina Masri states that, at the time of the Divorce Settlement Agreement, Prospect Associates, LLC owned no assets and had no value. (Fatina Masri, Affidavit, p. 9-10).

There are questions of fact concerning why the parties state that the Divorce Settlement Agreement grants Fatina Masri Haitham Masri's interest in Prospect Associates, LLC when the Divorce Settlement Agreement does not reference Prospect Associates, LLC. There is also a question of fact of why any such interest would be transferred if the value of Prospect Associates, LLC has no value.

The Court finds that there are questions of fact as to whether Defendants received fraudulent transfers from Debtor. Therefore, Defendants' Motion for Summary Judgment is DENIED.

VI.

CONCLUSION

For the above stated reasons, this Court DENIES this Motion to Dismiss or for Summary Judgment filed by Defendants Masri Associates, Inc., H&F Enterprises, Inc., H&F Homes, LP & Superior Investments, LP, H&F Masri, LP, Prospect Associates, LLC, and Precision Real Estate Investments. At the conclusion of discovery, the parties may file motions for summary judgment.

23

Signed on September 23, 2011

                          /s/ Marci B. McIvor
                    Marci B. McIvor
                    United States Bankruptcy Judge