UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:

HAITHAM MASRI,                                      Case No. 10-61010
                                                   Chapter 7
                Debtors.                            Hon. Marci B. McIvor
_____/

WENDY TURNER LEWIS, TRUSTEE,

           Plaintiff,


v.                                                 Adv. No. 10-7578


FATINA MASRI; F&H PROPERTIES, L.P.;
H&F TIRES, L.P.; OPTIMA INVESTMENT
GROUP, L.P.; PRECISION REAL ESTATE
INVESTMENTS, LLC; H&F AUTOMOTIVE,
L.P.; PROSPECT ASSOCIATES, L.L.C.;
SUPERIOR INVESTMENTS, L.P.; MASRI
ASSOCIATES, INC.; M&M MANAGEMENT
II, LP; H&F HOMES, LP; MASRI CLINIC
FOR LASER AND COSMETIC SURGERY,
LLC; ULTIMA FAMILY HOLDINGS, LP;
M&M MANAGEMENT I, LP; M&M TIRES,
LP; M&M DRUGS, LP; H&F
ENTERPRISES, INC. ; H&F TRANSPORT,
LP; H&F MASRI, LP; and MASRI CLINIC FOR
LASER AND COMETIC SURGERY, PLLC,

           Defendants.

_____/


**OPINION DENYING MOTION FOR DISMISSAL OR FOR SUMMARY JUDGMENT
(Docket # 56)  FILED BY DEFENDANT H&F TRANSPORT LIMITED PARTNERSHIP**

        Plaintiff filed a Complaint against Defendants to avoid and recover fraudulent

transfers under Mich. Comp. Laws 566.34 and Mich. Comp. Laws 566.35(1).

Defendant H&F Transport, L.P. filed this Motion to Dismiss or for Summary Judgment. For the reasons set forth below, this Court DENIES Defendant's Motion to Dismiss or for Summary Judgment.

I.

FACTUAL BACKGROUND

On January 22, 2007, the District Court for the City and County of Denver, State of Colorado entered a Judgment in Favor of Big O Tires and against Haitham Masri and Fatina Masri which states, in relevant part:

> 4.     As detailed above, the Court enters judgment in favor of Plaintiff Big O Tires, Inc. and against Defendant Haitham Masri in the amount of $1,928,083.52, plus $77,074.56 in attorneys' fees and $6,783.96 in costs, for a total of $2,011,942.04 for, among other things, Haitham Masri's fraud in obtaining property, services and an extension, renewal, or refinancing of credit from Big O.

> 5.     The Court also enters judgment in favor of Plaintiff Big O Tires, Inc. and against Defendants Haitham Masri and Fatina Masri, jointly and severally, in the amount of $17,278.95, plus $8,563.84 in attorneys' fees and $753.77 in costs, for a total of $26,596.56 for their breach of the guarantee related to the Westland, Michigan franchise. The judgment entered jointly and severally against Haithan Masri and Fatina Masri is wholly independent and separate from the judgment entered against Haitham Masri.

On August 13, 2007, Fatina Masri commenced an action for divorce in the Oakland County Circuit Court. On November 13, 2007, Fatina and Haitham Masri entered into a Divorce Settlement Agreement. Fatina Masri was represented by counsel; Haitham Masri was not represented by counsel. The Agreement contains the following relevant provisions:

*19.     Division of Property*

2

A.  *Property Awarded to Fatina*: The following assets are awarded to Fatina as her sole and separate property, free and clear of any interest on the part of Haitham.

　　1.  *Former Marital Home*. . . .

　　2.  *Masri Clinic for Laser and Cosmetic Surgery, LLC.*  Fatina is awarded her medical practice and shall assume all liabilities in connection with this business, holding Haitham forever harmless from liability thereunder.

　　3.  Her interest in the following partnerships:

　　　　a)  Ultima Family Holdings Limited Partnership, 9%
　　　　b)  M & M Management I Limited Partnership, 9%
　　　　c)  M & M Management II Limited Partnership, 9%
　　　　d)  M & M Tires Limited Partnership, 9%
　　　　e)  M & M Drugs Limited Partnership, 9%
　　　　f)  Precision Real Estate Investment, LLC 43%
　　　　g)  Optima Investment Group Limited Partnership, 10%
　　　　h)  F & H Properties Limited Partnership, 8%
　　　　i)  H & F Enterprises, Inc., 25%
　　　　j)  Superior Investments Limited Partnership, 8%; 2%
　　　　k)  Masri Associates, Inc., 51%
　　　　l)  H & F Tires Limited Partnership, 8%

　　4.  Any other personal property titled in her name, . . .

B.  *Property Awarded to Haitham*: The following assets are awarded to Fatina as her sole and separate property, free and clear of any interest on the part of Fatina.

　　1.  His medical practice, Haitham Masri, MD, P.C., including all assets and equipment. . . .

　　2.  Fatina's 10% interest in H & F Automotive Limited Partnership

　　3.  His vehicle.

　　4.  Any other personal property titled in his name, . . .

C.  *Haitham's Debts to Fatina*: . . . Consequently, any and all family partnerships and corporations including, but not limited to, the following shall be Fatina Masri's as her sole and separate property:

3

1. Masri Associates, Inc.;

2. Precision Real Estate Investments, LLC; and

3. Superior Investments Limited Partnership.

(Divorce Settlement Agreement, pp. 9-12).

Haitham Masri is employed by the Masri Clinic for Laser & Cosmetic Surgery, PLLC, which is owned by his ex-wife, Fatina Masri. On December 17, 2009, Big O Tires, Inc. held a creditor's examination of Haitham Masri. During that examination, Haitham Masri testified that Fatina Masri pays him a bi-weekly salary of $1,500 for his services as a physician and surgeon. (Transcript of Creditors' Examination, December 17, 2009, p. 6). Another creditor's examination was held on January 21, 2010. At the January 21, 2010 creditor's examination Haitham Masri stated that he retained nothing of value in the divorce:

Q:    So under this divorce settlement agreement what assets where you left with?

A:    Well, the gas station nobody wanted.

Q:    Okay.

A:    So I took it, but I didn't pay the mortgage on it, and it foreclosed.

Q:    So that left you with no other assets? Correct?

A:    Correct.

Q:    And that's the reason why you're in this financial trouble; correct?

A:    Correct.

(Transcript of Creditors Examination, January 21, 2010, p.142:14-24).

4

On June 29, 2010, Haitham Masri filed for chapter 7 bankruptcy.

On December 17, 2010, Wendy Turner Lewis, the Chapter 7 Trustee, filed a Complaint against Defendants to avoid and recover fraudulent transfers under Mich. Comp. Laws 566.34 and Mich. Comp. Laws 566.35(1) on the grounds that Debtor Haitham Masri did not receive reasonably equivalent value for the transfers.

On December 21, 2010, Plaintiff filed a First Amended Complaint to add H&F Transport, LP, and H&F Masri, LP as Defendants.

On June 14, 2011, Defendant Masri Clinic For Laser and Cosmetic Surgery, LLC filed a Motion for Summary Judgment alleging that: (1) Debtor had no ownership interest in Defendant Masri Clinic; (2) Debtor never transferred anything to Defendant Masri Clinic; and (3) Defendant Masri Clinic never received any transfer from Debtor.

On June 15, 2010, Plaintiff filed a Second Amended Complaint to add Masri Clinic for Laser and Cosmetic Surgery, PLLC as a Defendant.

On June 27, 2011, Defendants M&M Drugs, LP, M&M Management I, LP, M&M Management II, LP, M&M Tires, LP, Masri Clinic for Laser & Cosmetic Surgery, PLLC, Masri Clinic for Laser & Cosmetic Surgery, LLC, and Ultima Family Holdings, LP filed a Motion to Dismiss Or, in the Alternative, Summary Judgment.  The Motion to Dismiss alleges: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.  The Motion for Summary Judgment seeks a judgment as a matter of fact and law, claiming that Defendants are not the transferees of any of the alleged transfers of Debtor.

On June 28, 2011, Plaintiff filed its Response to Defendant Masri Clinic LLC's

June 14, 2011 Motion for Summary Judgment raising issues of fact concerning Debtor's ownership interest in the Masri Clinic and the appropriateness of Debtor's $1,500 bi-weekly salary for work as a physician and surgeon.

On July 3, 2011, Defendants H&F Enterprises, Inc., H&F Homes, LP, H&F Masri, LP, Masri Associates, Inc., Precision Real Estate Investments, LLC, Prospect Associates, LLC and Superior Investments, LP filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

On July 13, 2011, the Court entered an Order Granting Motion for Default Judgment filed by Plaintiff with respect to H&F Automotive, LP.

On July 18, 2011, Defendant H&F Transport, LP filed a filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

Also on July 18, 2011, Defendants F&H Properties, LP, H&F Tires, and Optima Investment Group, LP filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment for: (1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

On July 19, 2011, this Court denied summary judgment with respect to the Masri Clinic for Laser & Cosmetic Surgery, LLC and  the Masri Clinic for Laser & Cosmetic

6

Surgery, PLLC.[1]

This Court is now considering the Motion to Dismiss Or, in the Alternative, for Summary Judgment filed on July 18, 2011 by Defendant H&F Transport, L.P. Defendant argues that its Motion should be granted because Plaintiff: (1) failed to allege a claim under bankruptcy law; (2) failed to meet the basic pleading standard; (3) failed to meet the heightened pleading standard; and (4) failed to join a necessary and indispensible party.

II.

STANDARD FOR DISMISSAL

Federal Rule of Civil Procedure § 12(b)(6), made applicable to adversary proceedings in bankruptcy through Fed. R. Bankr. P. § 7012(b), provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under

---

[1]The Masri Clinic for Laser & Cosmetic Surgery, LLC and the Masri Clinic for Laser & Cosmetic Surgery, PLLC are the same clinic. Debtor and Defendant Masri Clinic refer to the Clinic as an "LLC" in the Judgment of Divorce but, in recent pleadings, the Clinic is referred to as a "PLLC".

7

some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.


III.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323. Once the movant meets this burden, the

8

non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252. The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

IV.

JURISDICTION

Bankruptcy courts have jurisdiction over all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §§ 1334 & 157. Core proceedings include proceedings to determine, avoid, or recover fraudulent conveyances. *Id.* § 157(b)(2)(H). As this is a proceeding to avoid a fraudulent conveyance, this is a core proceeding under 28 U.S.C. § 157(b). Thus, this Court has jurisdiction over this matter.

V.

ANALYSIS

A.   Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

This Court is now considering the July 3, 2011 Motion to Dismiss Or, in the Alternative, for Summary Judgment filed by Defendant H&F Transport, L.P. H&F Transport alleges that the case should be dismissed, or summary judgment granted, for:

9

(1) failure to allege a claim under bankruptcy law; (2) failure to meet the basic pleading standard; (3) failure to meet the heightened pleading standard; and (4) failure to join a necessary and indispensible party.

With respect to whether Plaintiff stated a claim for which relief can be granted and whether Plaintiff's Complaint met the heightened standard for pleading fraud, this Court finds that Plaintiff's claims as pled are sufficient to sustain a cause of action against Defendant. Plaintiff alleges violations of the Michigan Uniform Fraudulent Transfer Act, which is a proper cause of action under § 544 of the Bankruptcy Code. Under 11 U.S.C. § 544, the Trustee is authorized to pursue the recovery of fraudulent transfers under applicable state law. *In re Michigan Machine Tool Control Corp.*, 381 B.R. 657, fn 14 (Bankr. E.D. Mich. 2008)("11 U.S.C. § 544 allows the trustee to step into the shoes of a creditor in order to nullify transfers voidable under state fraudulent conveyance acts for the benefit of all creditors.").

In addition, Plaintiff sufficiently pled that Debtor transferred certain assets (e.g. his interests in certain corporations, limited liability corporations, and limited partnerships) for less than reasonably equivalent value and/or with the intent to hinder, delay and defraud his creditors pursuant to MCL§ 566.34(1).[2] MCL § 566.34(2) sets

---

[2] MCL 566.34(1) states that:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, . . . if the debtor made the transfer or incurred the obligation in either of the following:

    (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

    (b) Without receiving a reasonably equivalent value in exchange for the

forth "badges of fraud" for determining whether there was intent under § 566.34.(1)(a).

Those are:

(a) The transfer or obligation was to an insider.

(b) The debtor retained possession or control of the property transferred after the transfer.

(c) The transfer or obligation was disclosed or concealed.

(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

(e) The transfer was of substantially all of the debtor's assets.

(f) The debtor absconded.

(g) The debtor removed or concealed assets.

(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred.

(k) The debtor transferred the essential assets of the business to a lienor

---

transfer or obligation, and the debtor did either of the following:

(i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

(ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

*       *       *

11

who transferred the assets to an insider of the debtor.

This Court finds that Plaintiff has pled enough of these "badges of fraud" (i.e. transfers were to his ex-wife or entities that he had previously owned, transfers occurred around the time Debtor had been sued, Debtor was left with no assets after the transfers were made, Debtor transferred assets without receiving reasonably equivalent value, Debtor continues to transfer assets by accepting a salary which appears to be well below market rate for a board certified surgeon, etc.) to meet the heightened pleading standards set forth in Fed. R. Civ. P. 9(b). Under these facts, this Court finds that the pleadings were sufficient to put Defendant on notice as to the allegations of fraud raised against it and effectively shifts the burden to Defendant to show that there were no fraudulent transfers received. *See, Picard v. Taylor (In re Park South Securities, LLC)*, 326 B.R. 505, 517-518 (Bankr. S.D.N.Y. 2005)("courts take a liberal approach when construing allegations of actual fraud when pled by a bankruptcy trustee, because a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge"); *Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)*, 327 B.R. 711, 717-718 (Bankr. D. Del. 2005)("despite the similarity in the terms 'fraud' and 'fraudulent conveyance,' the pleading requirements for fraud are not necessarily applicable to pleadings alleging a fraudulent conveyance").

Defendant has also argued that the Adversary Proceeding must be dismissed because Debtor was not named as a Defendant. This Court finds that Debtor is not a necessary and indispensible party in this action. In this case, Plaintiff has sued each of the parties to whom Debtor may have transferred assets in order to recover the value of the assets transferred. Logically, the transferees are the only parties necessary to

resolve this action as required under Fed. R. Civ. P. 19. See, *M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 744 (Bankr. S.D.N.Y. 2008)( "an earlier transferee who has parted with all interest in the transferred property is not necessary in a suit against a subsequent transferee."); *Tsiatsios v. Tsiatsios*, 744 A.2d 75, 80 (N.H. 1999)("a transferor who has parted with all interest in the property can no longer be affected by any decree pertaining to the property, and that therefore the transferor is not a necessary party to a fraudulent transfer action."). Accordingly, this Court finds that Plaintiff is not required to include Debtor as a defendant in this action.

For the reasons set forth above, Plaintiff has pled facts and causes of action with sufficient particularity to withstand a motion to dismiss and the Defendant's Motion to Dismiss is DENIED.


**B.      Defendant's Motion for Summary Judgment**

Defendant also alleges that Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 56, as adopted by Fed. R. Bankr. P. 7056, on the grounds that there are no questions of material fact and Defendant is entitled to judgment as a matter of law. A Defendant would be entitled to summary judgment if that Defendant could show that there are no facts to support a claim that that particular Defendant was the recipient of a fraudulent transfer.

Because neither Plaintiff nor Defendant has provided detailed information about Defendant H&F Transport, L.P. and the relationship between Defendant H&F Transport, L.P. and Debtor, the Court has availed itself of the public records of the State of Michigan in an effort to understand the history of this Defendant. The Court has

compiled the following information regarding Defendant H&F Transport, L.P.:

**Background and History of H&F Transport, L.P.**

H&F Transport, L.P. was established on July 26, 1994. The Certificate of Limited Partnership lists the general character of the limited partnership as "Leasing Vehicles". Supplement P of the Certificate of Limited Partnership lists Haitham Masri as the general partner and a limited partner. The other limited partners include Masri Assocaites, Inc., Fatina Masri, and three of the Masri's children: Lena Fatina Masri, Rania Mona Masri, Samer Omar Masri.

On March 20, 1998, H&F Transport, L.P. filed a Certificate of Amendment by Haitham Masri, its general partner. This Certificate of Amendment adds Fatina Masri as a general partner and Mayssa Nour Masri (their fourth child) and Masri Associates, Inc. as limited partners (even though Masri Associates, Inc. was already a limited partner).

On May 12, 1999, H&F Transport, L.P. filed another Certificate of Amendment by Haitham Masri, its general partner changing the address of the limited partnership to the Masri's Pontiac Trail home address. No further documents were filed regarding H&F Transport LP.

Fatina Masri states that, on September 21, 2006, H & F Transport, L.P. paid Haitham Masri $3,700.00 for his share of H&F Transport, L.P. (See Fatina Masri's affidavit, ¶ 43.) Fatina Masri further states that:

> H&F Transport, L.P. was and remains a non-operational shell company. At the time of all of the transfers alleged in Plaintiff's Complaint, H&F Transport, L.P. was the owner of a 2003 Mercedes-Benz S500 Sedan, and a pontoon boat. At the time of all transfers alleged in Plaintiff's Complaint, the assets of the company were encumbered by, and the

company was subject to a liability of approximately forty one thousand and seven hundred ($41,700.00) dollars. Therefore, at the time of the alleged transfers, the company had a net value of zero.

(Affidavit, ¶¶ 39-42).

On January 3, 2007, a $2 million fraud judgment was entered in Colorado against Debtor. On February 15, 2007, the same judgment creditor obtained an order for seizure of Debtor's property. (Plaintiff's Exhibit D.) On August 13, 2007, Fatina Masri filed for divorce.

On November 13, 2007, Debtor Haitham Masri and Defendant Fatina Masri entered into a Divorce Settlement agreement. The Divorce Settlement agreement does not mention H&F Transport, L.P.

Debtor testified that the Divorce Settlement Agreement included access to the boat and Mercedes held by H & F Transport, L.P., apparently without cost and whenever Debtor wanted:

> A.    There's a limited partnership and I used to be a limited partner, eight percent I believe, and that owned two vehicles, a pontoon boat and a Mercedes, that was purchased used, and it's got a lot more than 100,000 as far as I know it, and I'm not exactly aware of how-- what my ownership in it and I asked my attorney to find out, he probably knows better than me, but I do have ability to drive it if I need, and that's certain as a condition in the divorce agreement. I can drive it whenever I need, but to a limit.
>
> Q.    Do you own -- and is that entity's name H & F Transport Limited Partnership?
>
> A.    Correct. My limited partnership shares, I'm not sure if I own them at this point or not. I was told I don't, and probably my attorney knows better than that, but I am able to drive it or borrow it whenever I want to.

(Transcript from January 21, 2010 Creditors' Examination, p.65:23 – 66:15).

On June 29, 2010, Haitham Masri filed for chapter 7 bankruptcy. On his Bankruptcy Schedule B, Haitham Masri identified himself as both a general and limited partner of H&F Transport, L.P. with an ownership interest of 8% as of July 13, 2010. (Bankruptcy Docket No. 17).

At the 341 Meeting held on August 5, 2010, Debtor testified:

Q.     What vehicle did you drive? [to this 341 meeting]

A.     I drove the Mercedes that I own a share in it, which is a 2003 Mercedes.

Q.     What is the model of the Mercedes Benz you drove today?

A.     It's an S500.

Q.     Who owns that Mercedes Benz?

A.     That's owned by partnership that is written in the – in the file here. And I own – I have 10 percent shares in it. Or 8 percent shares.

Q.     That's H&F Automotive?

A.     Correct.

                              *        *        *

Q.     What other automobiles does H&F Automotive own?

A.     There is a boat.

(Transcript, 341 Meeting, pp. 8-10)

There are questions of fact concerning which entity actually owns the Mercedes Benz S500 and the boat, H&F Transport, L.P. or another family entity, H&F Automotive. In addition, there are questions of fact concerning extent and nature of Haitham Masri's interest in H&F Transport, L.P. If Haitham Masri retains an interest in H&F Transport, L.P. and H&F Transport, L.P. owns the Mercedes and the pontoon boat, these assets

16

are property of the estate which should be administered for the benefit of creditors.

The Court finds that there are questions of fact as to whether Defendant H&F Transport, L.P. received fraudulent transfers from Debtor. Therefore, Defendant's Motion for Summary Judgment is DENIED.

VI.

CONCLUSION

For the above stated reasons, this Court DENIES H&F Transport, L.P.'s Motion to Dismiss or for Summary Judgment.

Signed on September 23, 2011

```
         /s/ Marci B. McIvor
    Marci B. McIvor
    United States Bankruptcy Judge
```

17

18